Good morning. I'm John Rhodes from the Missoula office of the Federal Defenders of Montana. I represent David Wiles. Before I get into the details of the categorical approach, I want to address what I understand the government's argument to be, that the relating to phrase in the child pornography statute somehow displaces the Taylor categorical approach. The government does not even engage in the categorical analysis in its brief, and seems to be suggesting that because the phrase relating to is used, the categorical approach does not even apply. That's mistaken for at least three reasons. First, under this court's authority in Strychlin, which involved this exact same statute, this court's authority in Farmer, which involved the same statute, this court's authority in Strychlin, again involving the same statute, each of those decisions... You say the same statute. They didn't involve attempt, did they? No, they involved the child pornography enhancement. So it's not the same crime? No, it's not the same crime. I'm just trying to displace, or trying to show that the government's entirely mistaken in saying the categorical approach doesn't even apply. Plus, Your Honors, when... Well, it makes sense in this way. In other words, the categorical question is answered by scenarios for the completed crime, and there is no crime defined for attempting, so you go to the relating to, so you don't engage in the modified... Isn't that the reasoning of the government's approach? I believe that's the reasoning. It's mistaken because the case law doesn't support it. It's also mistaken... Well, the case law doesn't contradict it, does it? No, it hasn't addressed that issue. But also, Your Honor, when Congress enhanced the statutory penalties in the child pornography statute in 2003 as part of the Feeney Amendment, as part of the PROTECT Act, Congress was well aware of the Taylor categorical approach, which has been around since 1990. Congress didn't in any way suggest it didn't apply in interpreting the statute. Finally, in 2007, in the James case, which is cited in our briefs, the Supreme Court interpreted attempted burglary under the armed career criminal statute using the residual clause, the clause in ACCA that says that the enhanced sentence applies if conduct... If the conviction otherwise involved conduct that presented a serious potential risk of physical injury to another. That residual clause, in essence, is the analog to relating to in the child pornography statute. And in James, the Supreme Court didn't even debate whether the categorical analysis applied. It simply applied it. Counsel, the argument keeps getting away from me. I'm sympathetic to your position, but I have trouble grasping from just a plain language point of view. I know that an attempt is acting with the purpose to commit a specific offense, in this case, a sexual contact without consent. So acting with the purpose to commit a sexual contact without consent does anything toward the commission of the offense. And the question that I have is whether that is something that is related to sexual abuse of a minor. And when I look at it from a plain language standpoint, if I had to sell this to a layman, I don't see how I'd make the argument. I think it would be really hard to sell the categorical approach to a layman, Your Honor, but that's the law. And the law says you have to look at the statute of conviction, Montana's attempt statute, which says... I'm looking at it. Any act. The intent issue aside, the actual act under Montana law is defined as any. Yeah, but it's any act toward the commission of sexual abuse of a minor done with the purpose to commit the sexual abuse of a minor. So if I put the kid on my lap and my purpose is to fit five of us into the taxicab, I don't have the mental state. If I put the kid on my lap with an intent to sexually abuse the kid, I do. What's the problem? It's the degree of the act required under Montana law, which everyone agrees is any. No, but don't you agree that the Montana Supreme Court has considerably narrowed any act? Yes, because any is such a minute degree. And the way it's been interpreted by the Montana Supreme Court, wouldn't you say it's virtually equivalent to the federal definition? No, because the federal definition is substantial step. And that's very much established in the case law. It's also established in this court's criminal jury instructions, the model instructions for both attempted sexual abuse, which is an 8.173, and attempted sexual abuse by threat, which is an 8.171. Both of those model jury instructions use the substantial step language. When you compare that language to any act, which is the Montana standard, any act is broader. But what does the Montana Supreme Court say that means in application of that statute? The Montana Supreme Court has adopted that language of any. Well, no, it says in Gunderson, it has to be an overt act that reaches far enough toward the accomplishment of the desired result to amount to a commencement of the consummation. Yes. That's Montana law. Isn't that pretty substantial? No, that's, again, it can be overt, it could be any act that trends toward the commission of the crime. And any act, again, is much narrower, much more limited than substantial  No, but you can go back to the statutory language and ignoring the way the Montana Supreme Court has interpreted that. Is there like a Montana state pattern instruction on the temp? I'm not sure about that. There are pattern instructions. I'm not sure if there's one specific for intent. But the Supreme Court, in the language that Judge Kleinfeld just cited from, I believe it's the Gunderson case, again, it said it's an act that if it continues in that direction, would result in the consummation of the offense. It's the commencement that if continued, trended that way, would result in the consummation. It says, must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter. That gets the guy that puts the kid on his lap so they can get five people in a taxi cab off the hook. Correct. But, again, the federal standard is substantial, and substantial stat is a requires more than any, and therefore the statutes relative to each other, the Montana statute is over-inclusive. It could incorporate conduct that would not satisfy the substantial stat standard that's the federal generic definition of attempt. Of course, we don't even have to worry about that if we conclude that relating to, as much far as it covers anything, including the Montana attempt, right? If you adopt what I believe the government's position is, but for the reasons I began with, that's simply mistaken. That's not the law of this court. It certainly wasn't how the Supreme Court interpreted attempt in James. And then, again, when Congress created or last modified this statute, it was aware of Taylor, and it didn't say we don't want Taylor to apply here. I'd like to reserve my remaining time. You bet, Mr. Rhodes. Thank you. Good morning. Good morning, Your Honors. Leif Johnson for the United States, and may it please the Court. Counsel, could I ask you about what's bothering me about your side of the case? Yes. I used to get cases from time to time involving sex with children. I had one really sickening one where the mother and her boyfriend were having the children have sex with each other, and sex with the mother, and sex with the boyfriend, and making movies of it all. I remember that case. Oh, you know that case? I do. Well, it was really disgusting. It made me sick looking at the evidence. But I thought about the sentencing a lot, and I thought, you know, if I give these people the max, which was something around this, like 40 years or something, I can't remember exactly what, that creates a huge incentive to kill the kid after you have sex with the kid. So you get rid of the witness. And it worries me about a sentence that, as a practical matter, is longer than what a lot of people get for murder. I'm wondering whether it's an abusive discretion to sentence so harshly for a sex crime without killing that you create a great incentive to kill in order to reduce the chances of being convicted of the sex crime. I want to try to respond to that, Your Honor, by recalling, I spent the better part of a morning looking at the legislative history here, because I thought this might come up. And I didn't find anything relating to this particular phrase or this statute that we're dealing with. But the overriding concern that Congress announced with this statute and with this entire chapter is the problem of recidivism with sex offenders. And if you go into that history... The judge here made a rational judgment that the guy was likely to do it again. He did. And that was Congress's concern. And that's why Congress used the broad term relating to, and that's why the court in Cenarius applied those terms in their broad, generic sense, because Congress... He did do it again when he finally gets out many years down the road. Yes. Still not as bad as killing the kids. But, you know, I mean, if you look at some of the background materials in the legislative history, the recidivism rates obviously drop with age. And clearly, the district court here was rationally concerned that this is a guy who should not be, that the public needs to be protected from for a considerable period of time. Was there an argument made either below or here that the sentence itself was substantively unreasonable? There was not. The only argument we have is whether this is categorically... Yes. ...relating to offense. Yes, Your Honor. And I want to back up and address that very quickly. I think there are several ways this court can look at the question that you were discussing with Mr. Brooks. And that is, as Judge Tsushima stated, what we have is scenarios plus attempt here. Well, that's what the courts dealt with in Hubbard and Stultz, the Fifth Circuit and the Eighth Circuit. That's good reasoning. You can think of it in, I think, one of two ways. You can say, if the least egregious conduct under state law, a 16-year-old having a consensual interaction with a 13-year-old, if the least egregious conduct there is fully within the generic definition of sexual abuse, then attempt relates to that. And that's simply a logical construct. That's the argument that we adopt in our brief. But you can also look at it from even a broader perspective. You can step back and say, generically, sexual abuse includes attempt. And I think that's really what the Hubbard court did. And there's some textual support for that argument as well. Because if you look at this provision, it incorporates the enhancement for two types of crimes. It's a number of enumerated federal crimes and then also the state offenses that relate to sex abuse, aggravated sexual abuse, and so forth. If you look at the federal crimes, it includes Chapter 109, which includes the federal crimes of sexual abuse and aggravated sexual abuse. Now, I know Scenarius says that... Mr. Johnston, you see, here's my problem with the government's approach, though. When you get down to it, the term relating to, you know, really, it's open-ended. You know, it doesn't have any, there's no limiting principle. There's really no standard. You can argue almost anything relates to, right? No, Your Honor, that... In fact, somebody, some judge, Supreme Court justices, everything relates to everything else. Your Honor, if you take, number one, the Supreme Court has said that you have to give meaning to these words. And Congress intended a broad effect. But it is not that open-ended. What it relates to, or what the statute is trying to bring in, is sexual offenses in the states that have an element of abuse, all right? And they did not want this court, or the lower courts, entering into a categorical analysis where obvious, where there was a discrepancy over elements. They wanted to capture the broad category of sexual conduct that involved abuse. And that includes attempt, right? I mean, it obviously includes attempt, because that relates to abuse in the sense that the defendant has the state of mind to commit the crime, and that he took a step to complete it. It shouldn't matter, in the broad language that Congress used, that it's a significant step, that it's any act, or that it's a substantial step. Congress was basically telling the courts, we don't want you to parse things out that finely. Why? Because we're concerned about the kind of person that this enhancement was designed to encompass. I mean, if you look at the sentencing record here, this is a guy with a prior sex offense, and he's going to do it again. That's what the district court found. In fact, the district court found that he was probably one of the scariest cases that the court has seen in some 14 years. And one of the things Congress was concerned about, if you look at the legislative history here again, is that people who get caught in the system in these crimes have a number of uncharged criminal events and episodes in the past. And this guy clearly did as well. And you can see that discussion in the PSR at paragraph 20. I mean, this is a guy who stakes out the local shopping mall because it has fewer security cameras than Walmart. This is exactly the kind of conduct that Congress wanted to broadly incorporate by using the term relating to. And this case merely takes scenarios to the logical step that Hubbard and Stoltz took the same reasoning. And there is no case to the contrary. There is no contrary authority that says that attempt conduct would not fall within the scope of the law, which obviously judged by the criticized in his concurrence in Farmer. But Scenarius is clear in Farmer that Scenarius remains good law. And if the court has no further questions. I don't think so, Mr. Johnson. Thank you very much. Mr. Rhodes, back to you. You've got about a minute and change left. Addressing that last point that there's no contrary authority to Stoltz and Hubbard. First, Stoltz and Hubbard didn't even pointedly explain why the Taylor categorical approach did not apply. There is contrary authority. The authority again is James, the Supreme Court case, applying the categorical analysis to attempt. This court has in I'm going to butcher the pronunciation, but star it in our brief, which judge Reinhart has a concurrence to an opinion that he wrote. It applied the categorical analysis to an attempt crime with respect to the idea that Congress didn't want courts to parse out the language as finely as required by the categorical approach. If that was Congress's intent when it amended this statute, the child pornography statute in 2003, Congress could have said it. The law presumes that Congress acts knowing how the courts have interpreted statutes. Certainly the categorical approach is a major interpretive tool used by the courts. Yet Congress didn't say, we do not want you to apply it in this instance. So for all those reasons, the categorical approach applies. And given the difference between any in Montana statute and substantial step in the federal generic statute, the categorical approach dictates that in this instance, the predicate enhancement should not be applied. Thank you. Thank you, Mr. Johnson. Thank you too. Case just argued is submitted. Good morning.
judges: Kleinfeld, Tashima, Silverman